### BARBER v. ELLINGWOOD et al.

(Supreme Court, Appellate Division, First Department. February 19, 1909.)

1. REFERENCE (§ 11*)—WHEN PROPER.

The referability of an action is to be determined in general by the complaint, and defendant cannot make the action referable by pleading a counterclaim embracing an examination of a long account.

[Ed. Note.—For other cases, see Reference, Cent. Dig. § 27; Dec. Dig. § 11.*]

2. REFERENCE (§ 8*)—COMPULSORY REFERENCE—WHEN PROPER.

A customer sued stockbrokers for loss resulting from their selling him out at specified prices without authority, alleging the market value of the stocks within a reasonable time after the sales, and making allowance for commissions and interest. Defendants answered, claiming that the sales were authorized; that the customer opened three accounts; that numerous transactions were had; that plaintiff failed to keep his margin good; and that he was lawfully sold out. It did not appear

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

that any of the transactions sued on were included in any of the accounts mentioned in the defense. *Held*, that a compulsory reference under Code Civ. Proc. § 1013, was improper.

[Ed. Note.—For other cases, see Reference, Dec. Dig. § 8.*]

Ingraham, J., dissenting.

Appeal from Special Term, New York County.

Action by Clarence L. Barber against Charles H. Ellingwood and another. From an order directing a compulsory reference, plaintiff appeals. Reversed, and motion denied.

Argued before INGRAHAM, McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

Irving Paine, for appellant.

Duncan Edwards, for respondents.

SCOTT, J. The plaintiff appeals from a compulsory order of reference.

The action is by a customer against a stockbroker. The complaint alleges the establishment between the parties of the relation of customer and broker, and that between January 15 and 30, 1906, plaintiff deposited with defendants as part purchase money and margin on shares of stock to be bought and sold on plaintiff's account the sum of $9,000; that on or about April 26, 1907, defendants were carrying for plaintiff a specified number of shares of five different stocks or securities; that on or about April 26th, April 28th, and May 3d, respectively, defendants sold out the several specified stocks at prices which are named, and that all of said sales were made by defendants without notice to and without authority from plaintiff; that, on learning of such sales, plaintiff disaffirmed them, and notified defendants that he was not then able to replace them. The complaint then alleges the market value of said stocks within a reasonable time after said sales, and, making allowances to defendants for commission and interest, asks for a judgment for the net loss. The answer, in effect, admits all the material allegations of the complaint, except that defendants deny the alleged transactions as to one of the named stocks, and deny that they sold the stocks without the knowledge and authority of plaintiff, but, on the contrary, allege that they so sold them at plaintiff's request. It is manifest that up to this point there is nothing in the pleadings to justify a compulsory reference, as there is only one item in dispute besides the question as to defendants' authority to sell when they did. It is well settled that the referability of an action is to be determined in general by the complaint, and that a defendant cannot make an action referable by pleading a counterclaim embracing the examination of a long account.

The defendants claim, however, that in the present case the determination of plaintiff's claim will necessarily involve the examination of a long account because of the nature of the transactions between the parties. This claim is based upon what is denominated a "first and separate defense," and which, although not stated to be pleaded by way of counterclaim, is evidently intended to be so re-

garded. It is in the usual form of a stockbroker's complaint against a customer, alleging that plaintiff opened three accounts with defendants; that numerous transactions were had; that plaintiff failed to keep his margins good; that monthly accounts were sent to plaintiff; that defendants rightfully sold him out; and that there was left due to defendants a balance for which they ask judgment. There is no specific allegation, nor does it appear by necessary intendment, that the half dozen transactions upon which plaintiff sues were included in any of the accounts mentioned in this defense, and, if they were, it by no means follows that it will be necessary to go over all these accounts in order to pass upon the plaintiff's complaint respecting the particular matters which he specifies. We do not consider that the defendants have brought the case within the somewhat stringent rules respecting compulsory references.

The order appealed from must therefore be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs.

McLAUGHLIN, LAUGHLIN, and CLARKE, JJ., concur.

INGRAHAM, J. (dissenting). While it is true that the question as to whether or not an action is in its nature one in which the trial can be without the consent of the parties before a referee, instead of before a jury, must be determined by the complaint, that question has reference merely to the nature of the action, as it is only an action to recover on a contract that can be so referred. Where the action is to recover upon a contract and the case is one that is to be tried before a jury, if any issue in the case involves the taking of an account which from the nature of the account cannot be properly determined by a jury, a reference should then be ordered. It is quite clear that an action to recover damages for a tort could not be referred, although it set up a defense which involved the taking of a long account. In many cases where a reference has been sustained on the pleadings themselves no account appeared to be involved, but upon proof by affidavit that an account was involved in the determination of the issues presented by the pleadings, a trial before a referee was ordered and sustained. The defendants' counterclaim is directly connected with the cause of action alleged in the complaint; they both arising out of the same series of transactions. The action is to recover on a contract, and is in its nature referable; the only question to be determined being whether or not from the nature of the pleadings and the proof necessary to sustain them such an account is involved as will make is impossible for a jury to satisfactorily dispose of the issues. In an action at law where there can be but one trial, and where a verdict will have to be rendered on a trial either for the plaintiff or defendant, it is impracticable to split up the issues, and order an accounting as distinct from the trial of the main issue in the action. Thus, if upon any of the issues presented an accounting is necessary, the only practical method is to order all the issues to be tried before a referee. I think this is such a case, and that the order below was properly granted.

I therefore dissent.