BARBER v. ELLINGWOOD et al.

(Supreme Court, Appellate Division, First Department. February 19, 1909.)

Appeal from Trial Term, New York County.

Action by Clarence L. Barber against Charles H. Ellingwood and another. From an order directing a compulsory reference, plaintiff appeals. Reversed, and motion denied.

Argued before INGRAHAM, McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

Irving Paine, for appellant.
Duncan Edwards, for respondents.

PER CURIAM. For the reasons stated in action No. 1 (115 N. Y. Supp. 43) between the same parties, the order appealed from must be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs.

═══════════

INDELLI et al. v. LESSTER.

(Supreme Court, Appellate Division, First Department. February 19, 1909.)

1. EVIDENCE (§ 443*)—PAROL EVIDENCE AFFECTING WRITING—COLLATERAL AGREEMENT.

Where the owner of a tax lease contracts in writing for work on the leased premises which he has sublet to another, a verbal agreement on the part of the contractors to obtain possession at their own expense, made as an inducement to the written contract, is a collateral undertaking, the terms of which may be proved in defense to a claim for damages for refusal to allow them to proceed with their work.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 2049; Dec. Dig. § 443.*]

2. EVIDENCE (§ 441*)—PAROL EVIDENCE AFFECTING WRITING—COLLATERAL AGREEMENT.

The rule prohibiting parol evidence varying or modifying a written agreement does not apply to a separate, independent, or collateral undertaking.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 2030; Dec. Dig. § 441.*]

3. EVIDENCE (§ 442*)—PAROL EVIDENCE AFFECTING WRITING—MATTERS NOT INCLUDED.

Nor does the rule apply where the original contract was verbal and entire, and a part only was reduced to writing.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 1882; Dec. Dig. § 442.*]

4. CONTRACTS (§ 328*)—ACTION FOR BREACH—DEFENSE.

If persons contract to do work for another on premises not in his possession, and the contractors know it and agree to obtain possession at their own expense, the agreement would be a good defense to an action for damages based on the fact that they could not obtain possession.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. § 1577; Dec. Dig. § 328.*]

5. PLEADING (§ 364*)—IRRELEVANT AND REDUNDANT MATTER—MOTION TO STRIKE.

Motions to strike out portions of a pleading as irrelevant or redundant are not favored, and will be denied unless the court can clearly see

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes